# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| CASE NUMBER | 04 C 1650 | DATE | 7/28/2004 |
| CASE TITLE | Alexander Housing vs. IBEW | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] As stated in the attached Memorandum Opinion and Order, plaintiffs' motion for protective order [13-1] is denied. Motion hearing set for 7/29/04 at 9:15 a.m. is stricken. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices faxed by judge's staff. | | JUL 2 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 18 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| KF | courtroom deputy's initials | 2004 JUL 28 PM 2:03 Date/time received in Central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER HOUSING LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 04 C 1650 |
| v. ) | |
| ) | Judge Coar |
| INTERNATIONAL BROTHERHOOD ) | |
| OF ELECTRICAL WORKERS, et al., ) | Mag. Judge Michael T. Mason |
| ) | |
| Defendants. ) | |

DOCKETED
JUL 2 9 2004

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

This matter comes before the court on Plaintiffs' Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(7). For the following reasons plaintiffs' motion is denied.

**Background**

After unsuccessful attempts by the parties to reach an agreed protective order, plaintiffs filed this motion requesting that we adopt their proposed 17-paragraph protective order, attached as Exhibit A to their motion. Defendants filed a written response solely objecting to paragraphs 1 and 9 of the proposed order.

Paragraph 1 outlines the general categories of documents plaintiffs seek to classify as "confidential information" under the protective order. Specifically, in paragraph 1, subsection (a), plaintiffs seek to protect "material that contains commercially sensitive business information, is normally kept confidential, and is of a nature such that disclosure of the information could cause the party competitive harm, impair the information's commercial value or competitive worth, or otherwise be

commercially injurious." *Pl.s' Mot., Ex. A "Proposed Protective Order"* ¶ 1. Subsection (a) further provides examples of this type of material including, *inter alia*, business plans, non-public financial information, and actual and prospective customer and supplier lists. *Id.* However, the wording of subsection (a) in no way limits the scope of the protective order to the examples outlined therein. *Id.* In paragraph 1, subsection (b), plaintiffs seek to protect "information concerning matters over which a party, its employees, or its former employees assert a privacy interest." *Id.* Non-exhaustive examples of these matters include personnel files, home addresses, home telephone numbers, social security numbers and marital status. *Id.* Again, there is no language in the protective order limiting the scope of subsection (b) to the examples therein.

Finally, paragraph 9 of the protective order provides :

> If a party challenges a "CONFIDENTIAL" designation as to any material or information, it shall first notify in writing the attorneys of record for the designating party, explain in writing the need to change or eliminate the classification and request a meeting to attempt to resolve the dispute. The producing party shall then respond within 5 working days by agreeing, or by explaining in writing the basis for its refusal to adjust the classification. If a response is made and the dispute is not resolved, the challenging party may file a motion with the Court for an order permitting disclosure. Any such motion shall be filed under seal and shall identify specifically the material in question and shall specify the reasons why the moving party contends that such designation is improper. The designating party may respond in accordance with the Court's briefing schedule. Until the Court rules on such motion, no disclosure of any confidential material or information may be made to any person not authorized by the terms of this Protective Order to receive such material or information, and no confidential material or information may be used for any purpose not authorized by the terms of this Protective Order, in the absence of prior written authorization by the party or person providing such material or information or in the absence of an order of the Court.

*Pl.s' Mot., Ex. A "Proposed Protective Order"* ¶ 9.

**Discussion**

"As a general proposition, pretrial discovery must take place in . . . public unless compelling reasons exist for denying public access to the proceedings." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (internal quotation marks, alterations and citations omitted). This is, in part, because "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). However, a protective order pursuant to Rule 26(c)(7) provides an exception to the presumption of public access.

When considering a protective order, the court "may not rubber stamp a stipulation to seal the record." *Citizen*, 178 F.3d at 945. "The movant must show that (1) the interest for which protection is sought is an actual trade secret or other confidential business information protected under the Rule, *and* that (2) there is good cause for the protective order." *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D.Ill. 1998) (emphasis added). To state it another way, before a judge enters a protective order, he must "(1) satisf[y] himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) mak[e] explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Citizen*, 178 F.3d at 946. However, such a determination need not be made "on a document-by-document basis." *Id.*

3

**Paragraph 1**

Plaintiffs' proposed protective order fails in both respects. First, the material and information plaintiffs seek to protect does not appear to be limited to "actual trade secrets or other confidential business information." See *Andrew*, 180 F.R.D. at 340. As outlined above, paragraph 1 of plaintiffs' proposed protective order purports to protect *all* "material that contains commercially sensitive business information, is normally kept confidential, and is of a nature such that disclosure of the information *could* cause the party competitive harm, impair the information's commercial value or competitive worth, or otherwise be commercially injurious," and *all* "information concerning matters over which a party, its employees, or its former employees assert a privacy interest." *Pl.s' Mot., Ex. A "Proposed Protective Order"* ¶ 1 (emphasis added). The Seventh Circuit has held that categories such as "other confidential . . . information" and "governmental information" are absurdly overbroad. *Citizen*, 178 F.3d at 945. The categories "all information over which a party, its employees, or its former employees assert a privacy interest" and all information that "could cause the party competitive harm . . . , or otherwise be commercially injurious" are equally obtuse and impermissibly vague.

Further, plaintiffs have failed to demonstrate the requisite good cause for entry of a protective order. To satisfy the good cause requirement in Rule 26(c), the party seeking the entry of the order must provide "specific examples of articulated reasoning", rather than "stereotyped and conclusory statements" to support its assertion of good cause. *Andrew*, 180 F.R.D. at 341 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) and *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

For purported confidential business information, this standard requires a showing that disclosure will cause the business a "clearly defined and very serious injury." *Andrew*, 180 F.R.D. at 341 (quoting *U.S. v. IBM*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975)).

Plaintiffs' only support for their motion comes from the affidavit of Alexander Housing's President, David Rasmussen. *Pl.'s Mot., Ex. B "Declaration of David Rasmussen"*. Mr. Rasmussen states that "[i]n operating this business, we have developed and maintained commercially sensitive information that we *normally* keep confidential, this information is of such a nature that its disclosure *could* cause our business competitive harm, impair the information's commercial value and competitive worth, or otherwise be commercially injurious." *Id.* (emphasis added). This is an equivocal, conclusory statement that fails to provide a "clearly defined and very serious injury." *See Andrew*, 180 F.R.D. at 341.

Plaintiffs failed to alleged, much less show, that the disclosure of the information they seek to include within the purview of their proposed order would result in a very serious and clearly defined injury. First, plaintiffs did not allege that they kept all of the referenced information confidential, a clear indication that the scope of their proposed order is not adequately tailored. Second, plaintiffs' use of the term "could," at best, evidences a speculative injury. This conjecture falls far short of the required standard for a showing of good cause.

Finally, as for the private information of his employees and others, Mr. Rasmussen states that his company needs a protective order "to assure that such information . . . is not used for ulterior purposes." Again, this statement, without more,

does not constitute a showing of good cause.

**Paragraph 9**

Defendants also take issue with paragraph 9 of the proposed protective order, arguing that its language contradicts controlling law in this circuit. Specifically, defendants contend that the language of paragraph 9 impermissibly seeks to shift the burden of persuasion and going forward from the party seeking to secret information to the party opposing secrecy. *Def.'s Response at 7*. In other words, defendants argue that once a protective order is in place, the onus should be on the designating party to establish that the information it seeks to protect falls within the confines of the protective order.

We disagree. As stated above, before a judge enters a protective order, he must both satisfy himself that the parties know what a trade secret is and are designating documents as such in good faith *and* make it known that a party or interested member of the public can challenge those designations. *Citizen*, 178 F.3d at 946. Before a judge enters a protective order, the party or parties seeking the order must establish good cause to protect the documents therein. Defendants' proposed revision to plaintiffs' protective order would require the court to make a duplicate finding on a virtual document-by document basis, a process that Seventh Circuit has already found unnecessary. *See Citizen*, 178 F.3d at 946.

The wording of paragraph 9 of plaintiffs' proposed order is consistent with the law in this circuit. Once, based on a finding of good cause, a court has entered a protective order, the burden rests on the party challenging those designations to

present the issue to the court.

**Conclusion**

For the reasons set forth above, plaintiff's motion is **DENIED**. The parties are not to interpret our decision as a finding that a protective order is unnecessary in this case. Rather, to date, the parties have merely failed to adequately articulate those interests in need of protection and have failed to apprise the court of good cause to grant the requested protection. That having been said, discovery should not be stalled pending the redrafting of a permissible protective order. Plaintiff is ordered to produce its Rule 26(a) disclosures immediately, subject to a provisional confidentiality and non-disclosure arrangement until the parties can reach an agreement on a permanent protective order acceptable to the court. It is so ordered.

**ENTER:**

MICHAEL T. MASON
United States Magistrate Judge

Dated: July 28, 2004